# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

DONNA WELLINGTON,
                Appellant,

        v.

DEPARTMENT OF VETERANS
    AFFAIRS,
                Agency.

DOCKET NUMBER
AT-0714-19-0109-X-1

DATE: April 27, 2022

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Lateefah S. Williams</u>, Esquire, Alexandria, Virginia, for the appellant.

<u>Lucille P. Smith</u>, Esquire, Columbia, South Carolina, for the agency.

### BEFORE

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

### FINAL ORDER

¶1      In an April 30, 2020 compliance initial decision, the administrative judge found the agency in partial noncompliance with the Board's May 13, 2019 final decision reversing the appellant's removal and ordering the agency to retroactively restore her with back pay and benefits. *Wellington v. Department of*

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* [5 C.F.R. § 1201.117](c).

*Veterans Affairs*, MSPB Docket No. AT-0714-19-0109-I-1, Initial Appeal File, Tab 54, Initial Decision; *Wellington v. Department of Veterans Affairs*, MSPB Docket No. AT-0714-19-0109-C-1, Compliance File, Tab 6, Compliance Initial Decision (CID).  For the reasons discussed below, we find the agency in compliance and DISMISS the appellant's petition for enforcement.

## DISCUSSION OF ARGUMENTS AND EVIDENCE ON COMPLIANCE

¶2    In the compliance initial decision, the administrative judge found the agency in partial noncompliance with the Board's final order to the extent it had failed to pay the appellant back pay with interest, restore her leave, and refund to her health insurance premiums and debt collection payments that had been improperly withheld from her paycheck.  CID at 2-3.  Accordingly, the administrative judge granted the appellant's petition for enforcement and ordered the agency to:  (1) pay the appellant her back pay, with interest; (2) restore the appellant's leave; (3) cease the debt collection from the appellant's pay based upon the agency's erroneous determination that the appellant was absent without leave (AWOL); (4) refund to the appellant all money withheld from her paycheck based upon the erroneous AWOL/debt determination; and (5) withhold health insurance premiums during the back pay period in accordance with Office of Personnel Management (OPM) regulations.  CID at 3-4.

¶3    In the compliance initial decision, the administrative judge informed the agency that, if it decided to take the ordered actions, it must submit to the Clerk of the Board a narrative statement and evidence establishing compliance.  CID at 4.  The compliance initial decision also informed the parties that they could file a petition for review if they disagreed with the compliance initial decision.  CID at 5-6; *see* 5 C.F.R. §§ 1201.114(e), 1201.183(a)(6)(ii).  Neither party filed a petition for review and, on June 5, 2020, the agency submitted a statement to the Board regarding its efforts to comply with the actions identified in the compliance initial decision.  *Wellington v. Department of Veterans Affairs*, MSPB

Docket No. AT-0714-19-0109-X-1, Compliance Referral File (CRF), Tab 1. Accordingly, pursuant to 5 C.F.R. § 1201.183(c), the appellant's petition for enforcement has been referred to the Board for a final decision on issues of compliance.

¶4        In its June 5, 2020 compliance submission, the agency stated that it had submitted to the Defense Finance and Accounting Service (DFAS) all of the required documentation that DFAS needed in order to take the actions identified in the compliance initial decision.  CRF, Tab 1.  However, according to the agency, DFAS had not yet taken these actions due to a backlog.  *Id.*

¶5        In a supplemental submission filed on September 28, 2021, the agency informed the Board that it had complied with the Board's final order by paying the appellant her backpay with interest; restoring her leave; cancelling all erroneous debts assessed to her; and ensuring that her health insurance premiums were withheld in accordance with OPM's regulations.  CRF, Tab 3.  As evidence of its compliance, the agency provided a declaration from the Civilian Payroll and Agency Cashier Supervisor who performed a review of the Earning and Leave Statement data and Audit documentation prepared by DFAS that pertained to appellant's Master Civilian Payroll account.  *Id.* at 9-12.  Attached to this declaration were copies of two of the appellant's pay statements for pay periods ending June 20, 2020, and July 4, 2020, showing the restoration of 64 hours of annual leave and 55 hours of sick leave; payment of back pay for 480 hours ($14,713.16) plus interest ($971.82); and a refund of $1,121.46 for the health insurance premiums that had been improperly deducted from her paychecks.  *Id.* at 13-16.  Also attached to this declaration were several "Debt Case" screen shots showing that each of the three erroneous debt collections assessed to appellant had been reduced to a zero balance.  *Id.* at 17-25.

## ANALYSIS

¶6        When the Board finds a personnel action unwarranted or not sustainable, it orders that the appellant be placed, as nearly as possible, in the situation he would

have been in had the wrongful personnel action not occurred. *House v. Department of the Army*, 98 M.S.P.R. 530, ¶ 9 (2005). The agency bears the burden to prove its compliance with a Board order. An agency's assertions of compliance must include a clear explanation of its compliance actions supported by documentary evidence. *Vaughan v. Department of Agriculture*, 116 M.S.P.R. 319, ¶ 5 (2011). The appellant may rebut the agency's evidence of compliance by making "specific, nonconclusory, and supported assertions of continued noncompliance." *Brown v. Office of Personnel Management*, 113 M.S.P.R. 325, ¶ 5 (2010).

¶7     Here, the agency has demonstrated that it has paid the appellant back pay for 480 hours plus interest, restored to her 64 hours of annual leave and 55 hours of sick leave, issued her a refund of $1,121.46 for improper withholdings of health insurance premiums, and has ceased the improper debt collection from appellant's pay. The appellant has not responded to either of the agency's compliance submissions, despite being notified of her opportunity to do so, including having been cautioned that the Board may assume she is satisfied and dismiss her petition for enforcement if she did not respond. CRF, Tab 2. Accordingly, we assume that the appellant is satisfied with the agency's compliance. *See Baumgartner v. Department of Housing & Urban Development*, 111 M.S.P.R. 86, ¶ 9 (2009).

¶8     In light of the foregoing, we find that the agency is now in compliance and dismiss the appellant's petition for enforcement. This is the final decision of the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[3]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:           /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.